Charles J. Errant, trading as Chicago Special Construction Company, Appellee, v. Columbia Western Mills, Appellant.

### Gen. No. 20,847.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed. Opinion filed October 5, 1915.

## Statement of the Case.

Action by Charles J. Errant, trading as Chicago Special Construction Company, against Columbia Western Mills, a corporation, to recover a balance claimed to be due under a written contract between plaintiff as contractor and defendant as owner. Such contract called for the construction of a large concrete tunnel for carrying steam pipes and conduits for carrying electric cables, and some incidental work at the price of $8,000, of which $6,000 was paid. The contract price was payable only upon certificates signed by the architect, and ninety per cent of the value of the work was payable on satisfactory completion. On completion of the tunnel, the plaintiff demanded payment of the "balance," but the architect notified him to complete the back-filling and replace fences as required by the contract. Later a portion of the tunnel caved in which the architect claimed the plaintiff should restore. The plaintiff continued his demands for a final certificate and on refusal commenced this action for the balance and some extras. Defendant denied legal liability and claimed grounds for recoupment. After the action was commenced the defendant per-

formed the uncompleted work of back-filling, etc., for $177.71 and repaired the tunnel for $1,682.33. A judgment was rendered for the plaintiff, and defendant appeals.

JAMES B. KEOGH and M. PAUL NOYES, for appellant.

CHARLES R. NAPIER, ARTHUR C. BACHRACH, and OSCAR BLUMENTHAL, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 95*—*what plaintiff must prove in action on contract.* In an action by a contractor on a building contract where the plaintiff alleged full performance and a fraudulent refusal of the architect to issue a final certificate, it was incumbent on him to prove such allegations by a preponderance of the evidence.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 21*—*when construction of contract is for court.* In an action on a building contract where the evidence was undisputed as to the work left undone, and the contractor claimed substantial compliance with the contract, the question of substantial compliance became a question of construction of the contract which was for the court.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 4*—*how construed.* In construing a building contract, the court cannot ignore its express provisions.

4. BUILDING AND CONSTRUCTION CONTRACTS, § 25*—*when completed.* A building contract is not substantially completed when a substantial sum is required to complete the work.

5. BUILDING AND CONSTRUCTION CONTRACTS, § 25*—*how substantial performance is determined.* Where a contractor contends that a building contract was substantially completed, the importance of the uncompleted work is not to be tested by the proportion of its cost to the full contract price when, considered by itself, it was a material and substantial part of the work the contractor agreed to perform.

6. BUILDING AND CONSTRUCTION CONTRACTS, § 94*—*when matters pleaded must be proved.* In an action on a building contract where the contractor pleads full performance, he cannot recover on proof of waiver of performance.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7.   BUILDING AND CONSTRUCTION CONTRACTS, § 100*—*what is incompetent evidence as to deduction from price.*   In an action on a building contract, proof of an agreement between the plaintiff, a contractor, and an architect for deduction of the cost of unfinished work from the contract price was not competent on the amount to be deducted, as the actual cost of finishing the work was the best evidence of what should be deducted, unless it was a matter of express agreement and relied on as such.

8.   BUILDING AND CONSTRUCTION CONTRACTS, § 83*—*when suit is premature.*   In a suit by a contractor for a balance due on a building contract, where the contract provided that the balance was not due until thirty days after completion of the work, and only on certificates signed by the architect, a suit commenced before the expiration of such time was premature, and the plaintiff could not contend that the refusal of the architect to issue certificates before the expiration of such time was fraudulent.

9.   BUILDING AND CONSTRUCTION CONTRACTS, § 83*—*what is condition precedent to suit.*   Where a contractor's right to recover a balance due on a building contract depended upon obtaining an architect's certificate showing the amount due, the obtaining of such certificate was a condition precedent to any right of action which condition was to be strictly complied with, or good and sufficient excuse shown for noncompliance.

10.   BUILDING AND CONSTRUCTION CONTRACTS, § 83*—*when arbitration is condition precedent to suit.*   Where a building contract provided for arbitration in case of dissent from a decision of an architect, the refusal to issue a final certificate for the balance due under the contract was a decision by the architect, and in such case arbitration was a condition precedent to a right of action for the balance.

11.   BUILDING AND CONSTRUCTION CONTRACTS, § 80*—*when suit is premature.*   Where a building contract provided for payment of ninety per cent of the contract price on completion of the contract, and the balance thirty days afterwards, but the contractor demanded the entire balance on completion of the work, his demand was premature.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.